## Osborn, Appellant, *v.* First National Bank of Athens.

*Penalty—Usurious interest—Banks and banking.*

The sums which may be recovered from a national bank under the act of Congress of June 3, 1864, for taking usurious interest, are penalties.

*Affidavit of defence—Actions ex delicto—Act May 25, 1887.*

In an action of assumpsit in the nature of debt to recover a penalty, no affidavit of defence can be required in order to prevent judgment, for the double reason (1) that the proceeding is substantially an action ex delicto, and (2) that, being an action to recover penalties, the defendant cannot be required to furnish evidence against himself.

Under the act of May 25, 1887, P. L. 272, an action of assumpsit for a penalty is an action ex delicto, and as it was not "in accordance with the present practice in actions of debt and assumpsit" to take judgment for want of an affidavit of defence in actions ex delicto, the act of 1887 does not apply.

Argued March 15, 1893. Appeal, No. 341, Jan. T., 1893, by plaintiff, Elmer Osborn, assignee for benefit of creditors of E. N. Frost & Son, from order of C. P. Bradford Co., Sept. T., 1892, No. 753, discharging rule for judgment for want of an affidavit of defence. Before GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit to recover double the amount of usurious interest paid to national bank.

Defendant refused to file an affidavit of defence, claiming that the suit being for a penalty, no affidavit of defence could be required.

Opinion of court below was as follows, by PECK, P. J.:

"It is claimed by the defendant that no affidavit of defence is required in actions for a penalty. This was undoubtedly the law prior to the passage of the act of May 25, 1887, P. L. 271. The language of this act would seem to be broad enough to require an affidavit of defence in all actions of assumpsit, where a sufficient statement has been filed under that act. I am unable to find that this question has ever been raised in the Supreme Court, and the only case that has been cited to me where the question has been decided is the case of the Union Glass Co. v. First National Bank of New Castle, 10 Pa. C. C. 565, where Judge HAZEN says that a suit under the National Banking Act to recover twice the amount of usurious interest paid, is a suit for a penalty and is ex delicto, and an affidavit of defence cannot be required.

"At common law the action of debt is the appropriate action for the recovery of a statutory penalty, upon the ground of an implied promise, which the law annexes to the liability. With the abolition of the action of debt in many of the states of the Union, the penal action in some jurisdictions is in form ex contractu, while in certain other jurisdictions is in form ex delicto. It is said that a statutory penalty may be recovered by indictment or information, where this mode of procedure is not excluded by the statute: Am. & Eng. Enc. of Law, vol. 18, page 274. In Boyd v. U. S., 116 U. S. 616, it was held that a proceeding to forfeit a person's goods for an offence against the laws, though civil in form, whether in rem or in personam, is a criminal case within the meaning of that part of the fifth amendment to the constitution of the United States, which declares 'no person shall be compelled in any criminal case to be a witness against himself.' If this is a correct statement of the law, it is likewise against art. 1, § 9 of the constitution of Pennsylvania. This would seem to force us to one of two conclusions, that the act of May 25, 1887, is unconstitutional, or that the legislature did not intend to require an affidavit of defence in

cases of this nature. In either case no affidavit of defence is required."

" Rule for judgment for want of an affidavit of defence discharged."

Plaintiff excepted and took this appeal.

*Error assigned* was above order, adopting rule, opinion, order and exception as part of assignment.

*Rodney A. Mercur, Ulysses Mercur* with him, for appellant.
—Wherever an action of debt would lie before 1887, assumpsit will now lie : Jones v. Gordon, 124 Pa. 271.

An affidavit of defence is necessary in all cases of assumpsit : Weigley v. Teal, 125 Pa. 498 ; Marlin v. Waters, 127 Pa. 177 ; Barr v. McGary, 131 Pa. 401 ; Blydenstein v. Haseltine, 140 Pa. 120 ; Byrne v. Hayden, 124 Pa. 177 ; Hebb v. Kittanning Ins. Co., 138 Pa. 179 ; Ashman v. Weigley, 29 W. N. 569 ; Heller v. Royal Ins. Co., 151 Pa. 101.

*E. Overton, H. F. Maynard* with him, for appellee.—This is a suit brought upon a penal statute : Barnet v. Bank, 8 Otto, 555 ; Bank v. Dushane, 96 Pa. 340 ; Bank v. Gruber, 91 Pa. 377 ; Bank v. Karmany, 98 Pa. 66.

A defendant in a suit brought on a penal statute cannot be required to give evidence against himself, nor can his failure to make disclosures be used to his prejudice : Boyd v. U. S., 116 U. S. 616 ; Boyle v. Smithman, 146 Pa. 255.

In an action on a penal statute the defendant is not required to plead the statute of limitations in order to take advantage of it : Hodsden v. Harridge, 2 Saun. 62 ; Lee v. Clarke, 2 East, 335 ; Com. v. Ruffner, 28 Pa. 259.

OPINION BY MR. JUSTICE GREEN, April 10, 1893 :

This action is brought to recover penalties for taking usurious interest under the act of Congress of June 3, 1864, sections 5197 and 5198. That the sums sought to be recovered are penalties, pure and simple, cannot be doubted, and has already been decided by this court. In a similar action, Lebanon National Bank v. Karmany, 98 Pa. 65, Mr. Justice TRUNKEY in delivering the opinion of the court said, " It was decided

in Barnet v. National Bank, 8 Otto, 555, that in an action on a bill of exchange, the defendant could not set off a claim for twice the amount of illegal interest he had paid the bank; that his remedy for the wrong was a penal suit and he could have redress in no other mode or form of procedure. That set-off is not allowed in such actions is well settled." And again, " The plaintiff's claim is not within the defalcation act which applies where the parties are 'indebted to each other upon bonds, bills, bargains, promises, accounts or the like. It arises from the defendant's violation of a statute, remedial and penal, which gives the borrower the right to recover back from the bank twice the amount of illegal interest paid, for the twofold purpose of compensation and example, the recovery being a recompense to the one and a punishment of the other."

In the case of Boyle v. Smithman, 146 Pa. 255, we held that in an action to recover penalties under a statute, the defendant can neither be compelled to testify against himself, nor to produce his books to be used as evidence against him. Our brother WILLIAMS said in the opinion, " The act of 1878 is highly penal. This action is in form a penal action. Its object is to punish the defendant for disobeying the direction of the statute, by imposing penalties amounting to about eighty thousand dollars. The defendant could not be compelled to testify against himself as a witness, and for the same reason he cannot be compelled to aid in his own conviction by the production of his books and papers. He had an unquestionable right to insist upon his privilege, and the court was bound to protect him in the enjoyment of it."

As a matter of course it must be conceded that, independently of the act of 1887, P. L. 271, no affidavit of defence could be required in any action to recover penalties. It is claimed however that the act abolished the distinction between the different forms of action, ex contractu, and directed that the action of assumpsit be brought in all cases of demands recoverable theretofore in debt, assumpsit or covenant. And because the fourth section contains a provision that in the action of assumpsit judgment may be taken for want of an affidavit of defence, it is argued that this includes actions for penalties because they were recoverable by action of debt. But this contention entirely overlooks the fact that the distinction between actions ex con-

tractu and actions ex delicto was not abolished, and that, although penalties could be recovered by action of debt, it was not the same class or kind of liabilities for which debt was the remedy at common law. Debt for penalties is in its nature ex delicto, whereas all other debt is in its nature ex contractu. It is assuming too much to say that because the action by which a recovery must be had for a penalty is assumpsit, under the act of 1887, therefore debt for a penalty is to be treated as if it were debt for an obligation arising ex contractu. Under the act of 1887 judgment can only be moved for, for want of an affidavit of defence " in accordance with the present practice in actions of debt and assumpsit." It certainly never was the law or practice, before the act of 1887, to take judgment for want of affidavit of defence in an action of debt to recover a penalty.

We hold that where the action is debt to recover a penalty, no affidavit of defence can be required in order to prevent judgment, for the double reason that the proceeding is substantially an action ex delicto, and that being an action to recover penalties the defendant cannot be required to furnish evidence against himself.

Judgment affirmed.