## Davis et ux. v. Colgan et ux.

*Alfred L. Taxis, Jr.*, for plaintiffs.

*William J. Greve* and *David E. Groshens*, for defendants.

KNIGHT, P. J., December 8, 1949.—This is an action to recover treble damages under the provisions of the Housing and Rent Act of 1947.

An affidavit of defense was filed, denying all liability, for several reasons. Defendant, Howard Lee Colgan, the landlord, has filed a counterclaim in a sum exceeding the claim of plaintiff, for damages to the leased premises due to the tenants' alleged breach of the covenants of the lease; waste and estrepment to the leased property, due to the tenants' alleged negligent and reckless use of the same.

Plaintiffs have filed this preliminary objection, which raises the single question of whether a counterclaim may be filed in an action for treble damages under the Housing and Rent Act of 1947.

Plaintiffs contend that their action is for a penalty, and that against a penalty, no set-off or counterclaim may be interposed.

In support of their contention, that the treble damages sued for are penal in their nature, counsel for plaintiffs have cited the following cases: Byers v. Olander, 161 Pa. Superior Ct. 165 (1947) ; Lebanon Natl. Bk. v. Karmany, 98 Pa. 65; Porter v. Montgomery, 163 F.(2d) 211; Fleming v. Elliott, 163 F.(2d) 215; and Porter v. Arnold et ux., 63 D. & C. 109 (1948).

We have examined these cases, and believe they fully sustain plaintiffs' contention that their suit is for the recovery of a penalty.

Does it follow that the counterclaim must be stricken off? Counsel for plaintiffs contend that it must, citing but one case in support of their contention: Lebanon National Bank v. Karmany, supra.

This case was decided in the elder days of Pennsylvania pleading, and long before the Practice Act of 1915, and the Pennsylvania Rules of Civil Procedure were adopted to govern methods of procedure in our courts. Counsel for plaintiffs admitted at the argument that defendant landlord could bring the action set forth in the counterclaim by starting a separate suit. The question then is one of procedure, and does not involve the substantive law.

Pa. R. C. P. 1031, reads as follows:

"(a) The defendant may set forth in the answer under the heading 'Counterclaim' any cause of action or setoff which he has against the plaintiff at the time of filing the answer (1) which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiffs' cause of action arose, or (2) which arises from contract or is quasi-contractual.

"(b) A counterclaim need not diminish or defeat the relief demanded by the plaintiff. It may demand relief

exceeding in amount or different in kind from that demanded by the plaintiff".

On pages 140 and 141 of Goodrich-Amram Standard Pennsylvania Practice, appear the following comments on Rule 1031:

"If the defendant's 'cause of action' or 'set-off' is contractual or quasi-contractual in nature, there are no restrictions on the right of counterclaim. This includes situations in which the defendant may waive a tort and sue in assumpsit. If the defendant's cause of action is not contractual, and the defendant may not waive the tort and sue in assumpsit, there is no right of counterclaim, except in the single instance where the cause of action arises out of the tortious acts of the plaintiff in the very transaction upon which the plaintiff is suing."

The above rule was adopted to try in one action all controversies between the parties, and this can only be advanced by a liberal counterclaim practice: Marks v. Spitz, 4 F. R. D. 348 (1939).

In that case in which the counterclaim for waste was not allowed on jurisdictional grounds, the court said:

"The penal element in the statute should not be decisive on the question of allowance of the counterclaim, provided a jurisdictional basis is established."

Other Federal cases, in which counterclaims have been allowed in cases for penalties, are: Eastern States Petroleum v. Asiatic Petroleum Corp., 28 F. Supp. 279; Thompson v. Taylor, 60 F. Supp. 395.

In Walch v. Capriotty, 65 D. & C. 48, Judge Sweney of Delaware County, had almost the exact question before him as presented by this record. He held that alleged damages suffered by a landlord, by reason of a breach in the lease, may be set off as a counterclaim in a suit for treble damages under the Rent and Housing Act.

We agree with Judge Sweney and can add little to what he has so well said.

If some of the claims of defendant sound in tort, defendant may waive the tort and seek to recover in assumpsit. All of the claims of defendant derive from the same transaction, and hence conform to the provisions of Pa. R. C. P. 1031, supra.

And now, December 8, 1949, the preliminary objection is dismissed, and plaintiffs allowed 20 days within which to answer the counterclaim on the merits.