## Scott v. Austin et al.

Before Valentine, P. J., Aponick and Flannery, JJ.

*Albert W. Brobst* and *Philip M. Gorgold*, for plaintiff.

*Flood & Brown*, for defendants.

VALENTINE, P. J., May 14, 1951.—Plaintiff instituted suit in trespass to recover treble damages and reasonable counsel fees for an alleged violation by defendant of the Federal Housing and Rent Act of June 30, 1947, 61 Stat. at L. 199. The question to be determined is whether trespass or assumpsit is proper. The relevant provisions of the Housing and Rent Act are contained in section 205, as follows:

"Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under Section 204 shall be liable to the person from whom he demands, accepts, or receives such payment, for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount."

In cases where recoveries were sought for a violation of a statute, actions in debt (Lebanon National Bank v. Karmany, 98 Pa. 65) or assumpsit (Osborn v. First National Bank, 154 Pa. 134) have been maintained. This was also the form of action adopted for the recovery of treble damages for discrimination by a common carrier. Sensenig v. Penna. Railroad Company, 229 Pa. 168. Actions which arise from a violation of the provisions of a statute, which is both remedial and penal, are in nature ex delicto; and if suit is instituted in assumpsit defendant is relieved from filing an affidavit of defense or answer: Porter v. Arnold et ux., 63 D. & C. 109, 116.

In Kiselavach et al. v. Giarratano et ux., 41 Luz. 313, a claim similar to the one before us was enforced by action of assumpsit, although the question as to the form of action was not raised.

In Byers v. Olander, 161 Pa. Superior Ct. 165, it was held that a justice of the peace had no jurisdiction over an action in assumpsit brought under the Emergency Price Control Act against a landlord on account of an overcharge in rent. The Superior Court did not specifically rule upon the proper form of action, but did say (page 168):

"In this case the relationship of the parties as lessor and lessee was contractual. But defendant's liability upon breach of a rent regulation was created by Act of Congress and not by any agreement of the parties, either express or implied. In a sense the provision of the Act may be considered remedial, as appellant contends, but it does more than provide a remedy for a loss sustained; it imposes treble damages, or the equivalent, *as a penalty* on a landlord for collecting rent in excess of the allowable maximum."

In Porter v. Arnold et ux., supra, Judge Sweney said (page 116):

"In our opinion, this suit is for a penalty, and, therefore, is in its nature *ex delicto*. We see no necessity for a change in the form of action. However, defendants need not file an answer, and no judgment may be entered against them for failure to file one."

In Seligsohn v. Hoffman, 66 D. & C. 396, the conclusion was reached that trespass, rather than assumpsit, was the proper form of action to recover for an overcharge of rent.

We are of the opinion that the present claim is more ex delicto than ex contractu, and that suit in trespass may be maintained. We are also of the opinion that suit could be brought in either assumpsit or trespass, and that the form of action is of no materiality.

The objections, other than the first which relates to the form of action, were abandoned. The first objection is dismissed.