# Calhoun *versus* Monongahela Building and Loan Association.

1. The rules of the courts of Common Pleas of Allegheny county, relating to judgments for want of affidavits of defence, do not apply to a suit upon an injunction bond in a penal sum, conditioned to indemnify the obligee from any loss or damage by reason of the granting of the injunction.

2. Where a writing sued upon evidences a mere conditional liability, for an uncertain sum, the plaintiff cannot by averment fix the liability, as to character and amount, so as to bring the instrument within said affidavit of defence rules.

October 24th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas No. 1 of *Allegheny county :* Of October and November Term 1883, No. 64.

Debt upon a bond, by the Monongahela Building and Loan Association of Pittsburgh, against Robert Calhoun and George B. Sterritt. The plaintiff filed a copy of the bond and an affidavit of claim, averring damages. The defendant filed an affidavit of defence.

The court granted, and subsequently made absolute a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence. The condition of the bond and plaintiff's averments are fully set forth in the opinion of this court.

The defendant took this writ of error, assigning for error, that " the court erred in not dismissing the rule as not within any Act of Assembly or rule of court requiring affidavit of defence," and the entry of judgment as above.

*N. W. Schafer*, for the plaintiff in error.

*William Blakeley*, for the defendant in error.

Mr. Justice CLARK delivered the opinion of the court, November 12th 1883.

This action is brought upon an injunction indemnity bond given on 6th March 1880, by Robert Calhoun and George B. Sterritt, to the Monongahela Building and Loan Association of Pittsburgh, in the usual form, and in the penal sum of $200, upon the following condition, viz :

" The condition of this obligation is such, that whereas the Court of Common Pleas No. 2, of Allegheny county, in a certain cause therein pending in equity at 147 April Term 1880,

granted a preliminary injunction restraining the said Monongahela Building and Loan Association from interfering with or disturbing Margaret J. Calhoun in the quiet and peaceful holding and possession of a certain house and premises at the corner of Adams street and Cedar alley in the said city of Allegheny, under any proceedings against Robert Calhoun ; now, if said Robert Calhoun and George B. Sterritt shall fully indemnify, save and keep harmless the said Monongahela Building and Loan Association of Pittsburgh, any loss or damage by reason of said injunction, then this obligation to be void and of no effect, but otherwise to be and remain in full force and virtue."

A copy of the obligation, together with an affidavit of claim was filed with the precipe. This affidavit, after setting forth the bond and its condition, avers that by reason of the injunction, "the plaintiff was prevented from collecting or receiving from the said Margaret J. Calhoun, or any other person, any rent for said house from the 10th February 1880, when the said injunction was granted, until the 3d January 1882, when it was dissolved, which, at a fair rental for said house, to wit, the sum of $25 per month, would amount to $570." And this sum the plaintiff further avers he has lost by reason of the injunction, "and has therefore a right to demand and receive the full amount of the penalty of the bond, being $200."

The ninth rule of practice adopted by the several courts of Common Pleas of Allegheny county is in words and form as follows, viz :

" In actions on recognizances, judgments and other records, mortgages, mechanics' liens, policies of insurance, book accounts, bills, notes and other instruments of writing, and all contracts for the payment of money, whether the same be in writing or not, and in all other actions founded in contract (whether in form ex contractu or ex delicto), where the debt or damages can be liquidated without the aid of a jury, if the plaintiff shall file with his precipe an affidavit stating the amount he believes to be due from the debt, and a copy of the book entries, instrument of writing, record or claim (or a statement of the contract if it be not in writing), together with a statement of the facts necessary to support his claim, and shall have filed his declaration, if one be necessary, he shall be entitled to judgment, at any time after the return day and ten days' service of the writ, unless the defendant or some one for him shall have filed an affidavit of defence, stating therein specifically, and at length the nature and character of his defence," &c.

Was the cause of action set forth by the plaintiff within the operation of this rule of court ?

The rule is a self-imposed limitation upon the practice and

[Johnston *v.* Elizabeth, &c. Association.]

powers of the court, and, no matter what may be the mutual averments of the parties, the action of the court in entering judgment for want of an affidavit of defence, is necessarily confined to the class of cases defined by it.

The bond in suit is not an instrument of writing for the payment of money; it contains no absolute promise to pay money ; the contract evidenced by it is conditional and the liability incurred by the obligors is therefore contingent. It is not drawn for the payment of any specific sum ; to ascertain the amount which may be recovered upon it, requires the introduction of evidence aliunde. Nor is there any reference in the bond or condition to any other matter pending, the result of which will necessarily liquidate the debt or render the amount specific. It is the quality of the obligation or claim in suit which determines the power of the court under the rule, and the averments of the parties cannot change the character of the obligation or render the debt specific, if by its terms it is otherwise. The value of the rent, which is alleged as the amount of the damage, is the subject of proof and could only be ascertained by the aid or intervention of a jury.

As the bond is not therefore an instrument of writing for the payment of money, does not disclose a contract where the debt or damages can be liquidated without the aid of a jury, and is not embraced in any other of the designated subjects of the rule, it follows that there was error in entering judgment upon it for want of an affidavit of defence.

The judgment is reversed and a procedendo awarded.