# NELLIE BARR v. W. H. McGARY ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON
PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued October 29, 1889—Decided January 20, 1890.
[To be reported.]

1. Under the procedure act of May 25, 1887, P. L. 271, the plaintiff in any action of assumpsit, upon complying with the provisions of the act respecting the filing and service of his statement of claim, becomes entitled to require an affidavit of defence, and to have judgment if the affidavit filed sets out an insufficient defence.
2. To entitle the plaintiff to such judgment, his statement of claim must show the nature and extent of his demand with such clearness and certainty, that, in default of an affidavit of defence, the amount of the judgment to be entered may be liquidated upon the data furnished by the statement itself.
(a) The condition of a replevin bond was that the plaintiff should make good his claim to the property, make return thereof if it should be so, adjudged, and comply with the judgment of the court. The statement of claim in a suit upon the bond averred that the obligor failed to make good his claim, or to return the property, whereby the bond became forfeited:
3. Such statement of claim, not showing whether the action of replevin was disposed of or not, and whether any, and if any, what judgment had been entered therein, was not a definite statement of a right to recover a given sum, and was insufficient to warrant a judgment for want of a sufficient affidavit of defence: Pittsb. N. Bank v. Hall, 107 Pa. 583, distinguished.

Before Paxson, C. J., Sterrett, Green, Clark, Williams, McCollum and Mitchell, JJ.

No. 24 October Term 1889, Sup. Ct.; court below, No. 269 October Term 1888, C. P. No. 2.

On August 31, 1888, Nellie Barr brought assumpsit against W. H. McGary and S. F. McGary, filing the following statement of claim, verified by affidavit:

"Nellie Barr, plaintiff in this case, by her attorneys, Mercer & McIlvain, makes the following statement of her claim in this case:

"That said defendants, W. H. McGary and S. F. McGary,
VOL. CXXXI—26

made and executed under their hands and seals a certain bond in replevin for the faithful and successful prosecution of said W. H. McGary's suit at No. 387 January Term 1887, in the sum of one hundred and forty dollars; that a true copy of said bond is hereto attached and marked exhibit A and made part hereof; that said W. H. McGary failed to make good his claim in said suit and to return the property replevied, whereby said bond was forfeited, and said defendants have become indebted to said plaintiff in the aforesaid sum of one hundred and forty dollars. That said bond was duly assigned by the sheriff of Allegheny county to said plaintiff and attested by two witnesses, as required by law."

Exhibit A, appended to the foregoing statement, was a bond in the penal sum of $140, to the sheriff of the county, "for the use of the successful party in the original suit," and dated December 7, 1886, with an assignment indorsed upon it to the plaintiff in this suit. The recitals and condition of the bond were as follows.

Whereas, a writ of replevin has issued out of the Court of Common Pleas No. 2 of Allegheny county, . . . . No. 387 January Term 1887, wherein Wm. H. McGary is plaintiff, and Nellie Barr et al. are defendants, commanding the said sheriff, if the above plaintiff should make him safe in prosecuting his claim with effect against the said defendants, to cause to be replevied and delivered to said plaintiff certain property described in said writ, of the value of seventy dollars, which the said defendants took and unjustly detain, as it is said.

The condition of the above obligation is such, that if the above named plaintiff shall make good his claim, and shall and will truly return the property replevied to said sheriff, if it shall be so adjudged by the judge of the court aforesaid, and shall in all things comply with and satisfy the judgment of said court in the premises, and of the Supreme Court, if the cause shall be removed to said court by writ of error or otherwise, and at all times save harmless and indemnify the said sheriff in the premises, and pay the detention and costs of suit, etc., for use aforesaid, then the above obligation to be void; otherwise to be and remain in full force and virtue.

The defendants filed an affidavit of defence containing the following averments:

Opinion of Court below.

1. The affidavit and statement on file do not disclose a liability of the defendants, or of either of them, to the plaintiff.

2. The action cannot be maintained by the plaintiff for the reason that the condition of the bond sued on was that the obligors in that bond should "at all times save harmless and indemnify the said sheriff in the premises, and pay the detention and costs of suit," etc. That the bond cannot be assigned so as to carry the right of action to the assignee; and further that the sheriff has sustained no damage or loss and that there has been no adjudication that there was detention or costs.

3. That the bond was given for Nellie Barr and John Irvin and, therefore the assignment, if valid at all, should have been made to both, as the sheriff cannot select and assign to one from a number of joint parties for whose benefit a bond may have been given.

4. The goods replevied were the property of W. H. McGary and were seized by Nellie Barr and John Irvin for rent alleged to be due and owing from the said W. H. McGary, and when the replevin case was called for trial it was the duty of the defendants, if they desired to proceed on the bond, to have the jury find the amount of rent in arrear, so as to charge the bondsmen with that amount. The pleadings in that case show that upon the trial the defendants were the actors and it was their duty, as above stated, to proceed affirmatively and have the amount of rent in arrear, if any, found by the jury. But instead of so proceeding, the defendants' counsel, when the case was called, moved the court for judgment of non pros., which judgment upon said motion was granted by the court on May 16, 1888, and the amount of rent in arrear not being assessed or found by the jury, there can be no recovery upon the bond; the bond being a penal bond and no assessment of damages or determination of the amount of rent in arrear, no recovery can be had in this case.

The plaintiff having moved for judgment for want of a sufficient affidavit of defence, the court, WHITE, J., after argument filed the following opinion and decree :.

When the plaintiff in the replevin writ suffered nonsuit and judgment of nonsuit was entered against him, he failed to prosecute his suit with effect, and the condition of the replevin

bond was broken. He was then bound to return the property or pay its value, for the judgment showed he had no right to replevy it.

It has not been the practice in this state to enter the formal judgment of de retorno habendo. But if that was necessary the judgment is amendable and we would allow it to be so amended, and may consider it so amended. The plaintiff in replevin fixed the value of the goods at seventy dollars, and the affidavit of defendants does not deny they are of that value. Having retained the goods, taken illegally, they must pay their value. No legal or sufficient defence is set forth in the affidavit of defence.

And now, November 10, 1888, rule absolute, judgment to be entered for the plaintiff against defendants for $70 with interest thereon from December 7, 1886, to wit, the sum of $78.[3]

Judgment having been entered in accordance with the foregoing order, the defendants took this appeal, assigning for error the order directing judgment to be entered for the plaintiff.[3]

*Mr. A. Blakely* (with him *Mr. A. M. Blakely*), for the appellants:

1. A bond with a collateral condition does not come within the provisions, by statute or rule of court, requiring an affidavit of defence: Boas v. Nagle, 3 S. & R. 250; Borlin v. Commonwealth, 99 Pa. 42; Calhoun v. Building & L. Association, 104 Pa. 392. Even if it does, this statement of claim is not sufficient to sustain the judgment. It should have averred not only a breach of the condition of the bond, but an adjudication thereof by the court. There can be no recovery on a bond of this kind until the replevin case is wholly ended and determined by the court, and this fact should have been averred.

2. The affidavit of defence was sufficient to prevent judgment, had the statement of claim been in proper form. It disclosed the fact that the replevin suit, in which the bond was given, was a landlord and tenant case, and that the issue was made up by declaration, avowry and plea, and no judgment other than a non pros. was entered. Under the pleadings, the bond stood for the goods, and the defendants in the replevin became the actors. They had no right to non pros. the

plaintiff, but should have had the jury sworn and proved rent in arrear, the amount of which, as ascertained by verdict and judgment, is the measure of the bondsmen's liability.

3. However, if the landlord had the right to non pros. the tenant, then she should have proceeded under the statute, Charles II., sec. 2, ch. 7; Robert's Digest, 177, to have a jury impaneled to inquire concerning the sum of rent in arrear and the value of the goods distrained. The error of the court in granting judgment in default of a sufficient affidavit of defence, consisted in treating the issue in the replevin case as one formed to try the title to the property instead of rent in arrear.

*Mr. Charles G. McIlvain* (with him *Mr. A. H. Mercer*), for the appellee:

1. The statement of claim comes clearly within the rule which requires the setting forth of the breach of the bond, the damages sustained, and the value of the goods replevied. The bond was made a part of the statement, and set out the value of the goods as fixed by the defendants, and this value was not denied. The rule of damages in such a case is the same as in sheriff's interpleader cases, viz.: that the measure of damages is the value of the goods: Byrne v. Hayden, 124 Pa. 170; Pittsb. N. Bank v. Hall, 107 Pa. 583. The conditions of the bond are not in the alternative, but distinct; a breach of one of them will occasion a forfeiture: Gibbs v. Bartlett, 2 W. & S. 29. A breach of this bond is admitted by the affidavit of defence.

2. The records of the replevin case being before the court, they need not be pleaded at length. It was unnecessary to assess damages, or have a judgment de retorno habendo entered in the replevin suit: Pittsb. N. Bank v. Hall, 107 Pa. 583; McCabe v. Morehead, 1 W. & S. 513. The bond did not stand for the goods: Byrne v. Hayden, 124 Pa. 170. Nor was the defendant the actor in the replevin; the plea of no rent in arrear admitted the tenancy and put the defence on matters subsequent: Hill v. Miller, 5 S. & R. 354; Williams v. Smith, 10 S. & R. 202. A replevin bond may be assigned by the sheriff to the avowant alone: § 11, act of March 21, 1772, 1 Sm. L. 372. Such a bond is within the affidavit of defence rule established by the procedure act of May 25, 1887, P. L. 271.

OPINION, MR. JUSTICE WILLIAMS:

This action was brought upon a replevin bond. The judgment appealed from was entered for want of an affidavit of defence. The first question raised is whether an affidavit of defence was demandable in this case, and several cases are cited in support of the doctrine that an affidavit is not required where the instrument sued on is a bond for the performance of a collateral condition. Those cases arose, however, under the affidavit of defence law, while the present case is to be determined with reference to the procedure act of 1887. The act provides that the plaintiff shall file "a concise statement" of his cause of action, together with a copy of the instrument on which the action is founded, and serve the same on the defendant. The defence must then be stated, and verified by the oath of the defendant. This makes up the issue on which the case is to go to trial, and, if the defence set out is insufficient in law to prevent a recovery, the plaintiff may ask judgment for want of a sufficient affidavit of defence. This may be done in any action of assumpsit in which the plaintiff has complied with the act of 1887, without regard to the affidavit of defence law, or the cases arising under its provisions.

The next question is, whether the plaintiff has complied with the requirements of the procedure act by putting a concise statement of her cause of action on the record, so as to give her the right to call on the defendants for a statement under oath of the nature and character of their defence. The condition of the replevin bond sued on was, that the plaintiff should "make good his claim" to the property replevied, and make return thereof, if it should be so adjudged by the judge of the court out of which the said writ issued, and "comply with and satisfy the judgment of said court in the premises, and of the Supreme Court, if the case shall be removed," etc. The plaintiff's statement set out that the action was founded on a replevin bond, and then averred that the "said W. H. McGary failed to make good his claim in said suit, and to return the property replevied, whereby said bond was forfeited," etc. The statement does not show whether the action of replevin is disposed of or not; whether any, and if any, what, judgment has been entered therein; whether a return of the goods has been adjudged, or whether it has been deter-

mined that the rent was in arrear, and for what sum. There is only the formal averment of breach which we have just quoted, without any such definite statement of the right of the plaintiff to recover a given sum as would justify a liquidation of the amount due by the prothonotary.

This would have been insufficient in an action of debt on the bond, under the old practice. "The declaration on the bond concisely states the proceedings in replevin, the failure in fulfilling the conditions of the bond, and the assignment:" Morris on Replevin, 207. It is absolutely necessary to set out in the declaration the condition of a replevin bond, and the breach of it: 1 Chitty, Pl., 369; and in stating the breach the judgment in replevin should be set out, as will be seen by the precedents in 2 Chitty, Pl., 452–468. If the judgment be for the amount of rent in arrear, that fixes the plaintiff's damages in his action on the bond. When the plaintiff's claim is properly stated, the defendant may, under the procedure act, be called upon to state his defence under oath. The statement ought, therefore, to show the nature and extent of the plaintiff's demand with such clearness and certainty, that, in default of an affidavit of defence, judgment may be taken and liquidated upon the data which it furnishes. To this end, it should show in this case, the character of the judgment in the action of replevin, and the failure of the obligors to comply with its terms. If the judgment is de retorno habendo, the value of the goods stated in the writ and bond may be taken, and the judgment liquidated upon that basis. If the judgment is for rent in arrear, the amount of rent recovered in the replevin suit furnishes the measure of the recovery on the bond.

Tried by this rule, the plaintiff's statement was insufficient. It did not show the nature and amount of the plaintiff's demand with such certainty as to require an affidavit of defence, or to enable the court to liquidate the judgment with certainty in case no affidavit was filed. It must be remembered that our question is, not whether the statement is sufficient if pleaded to, or whether the jury might not assess the damages in case of trial, but whether a specific statement of the defence can be required under oath, without first putting a specific statement of the plaintiff's claim on the record. Pittsb. N. Bank v. Hall, 107 Pa. 583, was a case in which the parties proceeded

to a trial before a jury under the practice which preceded the act of 1887, and does not reach our question. The act of 1887 was intended to shorten the road to judgment or issue by requiring the plaintiff, in all forms of action ex contractu, to state his cause of action, and the amount which he believes to be due to him, in a clear and concise form, and permitting him to move for judgment, unless the defendant shall, with like clearness and definiteness, state the nature and character of his defence under oath. But a statement in the form of a count in indebitatus assumpsit for money had and received is not such a statement as the act of 1887 contemplates, and it would not entitle the plaintiff to call on the defendant for a specific affidavit of defence.

> The judgment entered in this case is reversed, the record remitted, and a procedendo awarded.