## Mantua Hall & Market Co. *v.* John Brooks, Appellant.

*Affidavit of defence—Executory contract—Act of May 25, 1887.*

Under the practice act of May 25, 1887, P. L. 271, an affidavit of defence is required in an action to recover damages for the breach of an executory contract.

Defendant entered into a contract in writing with plaintiff company to pay off and cancel a number of bonds secured by mortgage on property which the company conveyed to him, "and have said mortgage satisfied of record."   He also agreed to indemnify the company and its stockholders against "all claims and demands of the holders of said bonds and mortgage."   He did not pay off and cancel the bond or have the mortgage satisfied, nor indemnify the company or its stockholders. Judgment was recovered against the company, the mortgaged property was sold, and the company was compelled to pay a judgment obtained on one of the bonds.   The company then sued defendant, and in its statement set out the contract, the breaches of it and the loss resulting therefrom.   Defendant in his affidavit of defence did not deny any of the material averments of the statement.   *Held*, that it was proper to enter judgment against defendant for want of a sufficient affidavit of defence.

In the above case defendant averred that the bondholders agreed to deliver to defendant the bonds on his paying to them seventy-five per cent of their par value.   He also averred that the bondholders and stockholders were "practically the same," and that the judgments against the company were collusive and fraudulent.   He did not, however, aver that he had ever paid or tendered to the bondholders the seventy-five per cent of the par value of the bonds.   *Held*, that these averments of the affidavit were insufficient to prevent judgment.

Argued Jan. 8, 1894. Appeal, No. 107, July T., 1893, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1893, No. 522, making absolute rule for judgment for want of sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule for judgment for want of sufficient affidavit of defence in assumpsit for breach of executory contract.

Plaintiff's statement was as follows :

" The Mantua Hall & Market Company, the plaintiffs in the above case, to the use and for the benefit of the stockholders of said company, claim to recover from John Brooks, the defendant therein, the sum of $2,549.68, with legal interest, which plaintiffs aver is justly due and owing by the defendant to them, to the use and for the benefit of said stockholders, by reason of the following :

" On Feb. 8, 1892, defendant signed, sealed and delivered to plaintiffs the following agreement :

" ' Whereas, on Dec. 14, 1891, I agreed to buy from the Mantua Hall and Market Company, premises situate on the northeast corner of Thirty-sixth and Haverford streets, West Philadelphia, for the price or sum of $150, subject to the $25,000 of bonds due thereout and secured by mortgage now thereon, and agreed to pay off and cancel said bonds and have said mortgage satisfied of record.

" ' And whereas, the said company by deed dated Jan. 30, 1892, have conveyed said premises to me subject to said mortgage, and I have requested said deed to be delivered cotemporaneously herewith, though said bonds have not yet been paid off and canceled, nor said mortgage satisfied of record.

" ' And whereas, there are two bills in equity pending which hinder a distribution of the funds of said company among the stockholders thereof, and which will be released by the cancellation of said bonds and satisfaction of said mortgage.

" ' Now, in consideration of the present delivery of said deed, I do hereby agree to pay off and cancel said bonds and satisfy said mortgage of record within twenty days from this date, and do hereby agree to indemnify and save harmless said company and each and every of the stockholders thereof, and the execu-

tors, administrators and assigns of each and every stockholder, of and from all claims and demands by the holders of said bonds and mortgage, and do agree that said bonds and mortgage shall be restricted in their lien and claim to said property, and that the money now in the treasury of said company, or which may hereafter be in the treasury, shall not be made subject to or liable for any claim on the part of said bondholders or any of them, or upon the part of the trustees of said mortgage, or on the part of the executors, administrators, successors, or assigns of any of the said parties ; that no further proceedings shall at any time be had upon the bills in equity above referred to, except to discontinue the same ; and that no other or further bills shall be filed, the object of which shall be to prevent or postpone a distribution of said funds.' [With signature, etc.]

" Plaintiffs aver that cotemporaneously with the execution and delivery of said agreement the deed therein referred to was delivered to defendant, and defendant thereupon took possession of said premises. And plaintiffs further aver that defendant did not pay off or cancel said bonds and satisfy said mortgage within twenty days from the date of said agreement, or at any other time, nor did he indemnify and save harmless said company and its stockholders of and from all claims and demands by the holders of said bonds and mortgage, nor did he see that the money then in the treasury of plaintiffs, or which might thereafter be in said treasury, should not be made subject to or liable for any claim on the part of said bondholders or any of them.

" On the contrary, by reason of the default of defendant therein, the trustees named in said mortgage issued a scire facias thereon on March 5, 1892, in the Court of Common Pleas, No. 4, of March Term, 1892, No. 47, which was so proceeded upon that on March 28, 1892, judgment was duly recovered for plaintiffs therein and against plaintiffs herein, for the sum of $25,862.50, and on July 5, 1892, the mortgaged premises were duly sold by the sheriff of Philadelphia county, on a levari facias issued on said judgment, and the bondholders received from said sale the net sum of $19,952.35. Of all these facts defendant received prompt notice from time to time as the proceedings progressed.

" By reason also of the default of said defendant in not com-

plying with his agreement as aforesaid, one George A. Hays, the owner of $10,000 of said bonds, brought suit thereon against plaintiff herein on March 4, 1892, in the Court of Common Pleas, No. 3, as of March Term, 1892, No. 430, which suit was so proceeded upon that on April 16, 1892, judgment was duly recovered by plaintiff therein against plaintiffs herein in the sum of $10,435.  On April 23, 1892, an attachment sur judgment was issued on said judgment against Jacob J. Briegel, plaintiffs' treasurer, and the West Philadelphia Title and Trust Company, the depositary holding the money belonging to the treasury of said company, which attachment sur judgment was so proceeded upon that on March 21, 1893, judgment was duly recovered against said garnishees in the sum of $2,299.68, that being the amount of money held by them belonging to the treasury of said company, and which otherwise would have been paid to the stockholders of said company.  On April 20, 1893, said sum was paid to the attaching creditor.  Of all the above facts defendant received prompt notice from time to time as the proceedings progressed, and said payment was not made until after repeated notices to defendant that the same would be made if he did not take some steps in regard to the matter, and until after the twenty days for taking an appeal from said judgment had expired.

"By reason also of the default of said defendant in not complying with his agreement as aforesaid, the said George A. Hays, in said last-mentioned suit, issued a citation to plaintiffs herein, to require them to answer certain interrogatories filed by him, touching the funds of said company, for the purpose of obtaining satisfaction of his judgment.  Answers thereto were duly filed by plaintiffs herein.

"Plaintiffs aver that, by reason of the facts aforesaid, not only have they lost said sum of $2,299.68, but they have been put to considerable expense in defending said proceedings after notice by them to defendant to defend the same, and a request by him to their counsel to defend the same, and the reasonable cost of such services is the sum of $250, which has been duly paid to said counsel.

"Plaintiffs therefore claim said sums from defendant with legal interest.  Hence this suit."

The affidavit of defence was as follows:

" John Brooks, the defendant above named, doth depose and say : That by agreement of Dec. 15, 1891, he purchased from the bondholders of the Mantua Hall & Market Company twenty-five bonds of $1,000 each, secured by mortgage upon property at northeast corner of Thirty-sixth and Haverford streets, for $18,750, paying to said bondholders $500 on account of said purchase. (Copy annexed, marked 'Exhibit A.')

" That subsequently the said bondholders proceeded by sci. fa. on the mortgage to collect said bonds from the premises described in the mortgage, and sold the same at sheriff's sale in July, 1892, receiving from the sheriff $19,952.35, being $1,202.35 in excess of the whole purchase money, which sum is still retained by them although .the sum is due and payable to this deponent as the equitable owner of said bonds, said bondholders never having returned to this deponent the $500 paid on account of the purchase money, or legally divested his interest therein by a public sale of the same after due notice, as is customary and lawful.

" That said bondholders had no legal right to forfeit this deponent's $500 paid on account of his purchase as aforesaid, and thus divest all his rights and equitable interest in said twenty-five bonds of $1,000 each in such a summary manner.

" That this deponent therefore claims that his interest has never been divested in said bonds, and all proceedings taken thereon subsequent to the sheriff's sale of the said premises are without his authority.

" The alleged judgment obtained subsequently by the bondholders against the stockholders, who are really identical as to parties interested, is fraudulent and collusive, and the whole proceeding unauthorized by this deponent who would, as equitable owner of said bonds, be entitled to receive from said bondholders all that they could in this manner obtain in excess of $18,750, being the sum for which he purchased the same.

" That said bondholders, never having divested this deponent's equitable ownership of said bonds, he is informed and believes that he is entitled to all moneys received by said bondholders in excess of $18,250, balance of purchase money due to them under his purchase, being said sum of $1,202.35 received by them from the sheriff, and that said judgment obtained by said bondholders for $2,299.68 also belongs to this deponent

and is to his use in law and equity as owner of said bonds and should be marked to his use as profit on his purchase. That said judgment being the legal property of this deponent, he does not desire to collect the same from the defendants named therein, to wit, the Mantua Hall & Market Company, the stockholders of which and the aforesaid bondholders being identical as to parties in interest. That said Mantua Hall & Market Company were cognizant of this deponent's ownership of said bonds and failed to aver that fact in the proceedings against them. That this deponent, as owner of said bonds, never intended to make any claim against said Mantua Hall & Market Company in violation of his agreement of Feb. 8, 1892, this deponent being satisfied to restrict the lien of said bonds to said real estate at northeast corner of Thirty-sixth and Haverford streets. That he purchased bonds from the bondholders with the intention of canceling the same, said stockholders having, for $150, conveyed their equity in the mortgaged property to this deponent.

"This deponent therefore asks your honorable court not to enter judgment against him in favor of parties who were fully cognizant that this deponent had purchased the bonds and was the equitable owner of the same at the time when they permitted the collusive judgment to be entered against them for $2,299.68, and which they hastily paid over to the plaintiffs therein, as the parties to the proceedings and beneficially interested were practically the same. This deponent being informed and believes that the owners of the bonds aforesaid and the owners of the stock in the said Market Company are practically the same.

"That no actual damages have resulted to the plaintiffs in this case by any act of the defendant; that he is not indebted to them, but, on the contrary, this deponent has been thus far deprived of any advantage whatever received by the bondholders, either from the sheriff or from the plaintiffs named in this suit, being the sums of $1,202.35 and $2,299.68; all of which this deponent avers to be just and true and expects to be able to prove at the trial of this cause."

The contract Exhibit A was as follows:

"This agreement made this 15th day of December, 1891, between George W. Hancock on behalf of the bondholders of

the Mantua Hall & Market Company as authorized by said bondholders at a meeting held Dec. 12, 1891, and J. M. Pullinger and John Brooks, all of the city of Philadalphia, Witnesseth :

" That the said parties of the second part hereby agree to pay to the said George W. Hancock on or before the 2d day of January, 1892, the sum of 75 per cent of the face value and accrued interest thereon from Sept. first on all bonds delivered by the said Hancock to the said parties of the second part of the Mantua Hall & Market Company not exceeding $25,000, and the said party of the first hereby agrees to deliver for himself and for his associate bondholders all the bonds of the said corporation as authorized by the meeting aforesaid on payment of 75 per cent of the par value and interest thereon on or before the 2d day of January, 1892. The said party of the first part to assume no individual liability under the above agreement."

Rule for judgment absolute.


*Error assigned* was above order.


*Edward S. Sayres,* for appellant.—The affidavit of defence was sufficient. The facts alleged can be proven only before a jury : Bank v. Eichelberger, 1 Woodw. 397 ; Kaufman v. Mining Co., 105 Pa. 541 ; Noble v. Kreuzkamp, 111 Pa. 68 ; Imhoff v. Brown, 30 Pa. 506 ; Calhoun v. Bldg. Assn., 104 Pa. 392 ; Scott v. Loughery, 6 W. N. 123 ; Gercke v. Montgomery, 6 W. N. 238 ; Vulcanite Co. v. Traction Co., 2 Pa. C. C. R. 375 ; Weidner v. Kreider, 1 Woodw. 321 ; Hadley v. Fitler, 12 W. N. 461 ; Bray v. Martin, 13 W. N. 385 ; King v. Exhibition Co., 10 W. N. 190 ; Linderman v. Linderman, 1 Woodw. 56 ; Knerr v. Bradley, 105 Pa. 190 ; Bank v. Harkness, 6 W. N. 108 ; Ins. Co. v. Brierly, 10 W. N. 45 ; Heaton v. Home, 35 L. J. 146 ; Artisan's Loan Association v. Norris, 1 W. N. 100 ; Wurtz v. Potts, 1 W. N. 375 ; Berustine v. Gavaghan, 1 W. N. 506 ; Lloyd v. Thayer, 2 W. N. 291 ; Church v. Jones, 25 W. N. 396 ; Allegheny v. McCaffrey, 25 W. N. 213 ; McGary v. Barr, 25 W. N. 310 ; McCullough v. Boyd, 21 W. N. 497 ; Mfg. Co. v. Religious Press Association, 19 W. N. 237.

*Alex. Simpson, Jr.,* for appellee.—The contract sued on is within the act of May 25, 1887.

Prior to the act of 1887, judgment could be had on an executory agreement, if supplemented with such averments of fact as, with the instrument itself, would warrant a verdict for plaintiff: Vulcanite Paving Co. v. Traction Co., 115 Pa. 280; Mfg. Co. v. Religious Press Co., 115 Pa. 310.

The act of 1887 was a considerable step in advance even of this, as will appear by Byrne v. Hayden, 124 Pa. 170; Jones v. Gordon, 124 Pa. 263; Hebb v. Ins. Co., 138 Pa. 174. Until now it is held that every statement in assumpsit, drawn under the act of 1887, must be replied to by affidavit: Barr v. McGary, 131 Pa. 401; unless, though in form an action of assumpsit, it is in fact a proceeding ex delicto.

There is no denial of the averments of the statement that appellant was advised of every step in the litigation, was offered an opportunity to defend the same and did not take advantage of it, nor request that such defence be set up. Under such circumstances the judgment is conclusive upon him: Borough v. Arthurs, 130 Pa. 501; Same v. Same, 152 Pa. 334.

And the fact that he was not a party to that suit makes no difference, as he was given the opportunity to defend: Whart. Ev. § 763; Mehaffy v. Lytle, 1 Watts, 314; Hostetter v. Pittsburg, 107 Pa. 435.

The averment in the affidavit that "no actual damages have resulted to the plaintiffs by any act of the defendant," and "that he is not indebted to them," are manifestly insufficient because (*a*) an undisputed loss is shown by his failure to act as he agreed to do, (*b*) the averments are mere conclusions from his previously stated inadequate defence, and (*c*) the averments are too general: McCracken v. Presbyterian Congregation, 111 Pa. 106; Hiestand v. Williamson, 128 Pa. 122.

OPINION BY MR. JUSTICE McCOLLUM, July 12, 1894:

The Mantua Hall and Market Company entered into a contract with John Brooks on the 8th of February, 1892, in which he agreed within ninety days from the date thereof to pay off and cancel $25,000 of bonds secured by a mortgage on property which the company conveyed to him, "and have said mortgage satisfied of record." He also agreed therein to in-

demnify the company and the stockholders thereof, against
" all claims and demands of the holders of said bonds and mort-
gage." He did not pay off and cancel the bonds and have the
mortgage satisfied, nor indemnify the company and its stock-
holders against the claims and demands of the holders of its
bonds and mortgage. In consequence of his default, the trus-
tees named in the mortgage brought suit upon it and recovered
a judgment against the company on which the property covered
by the mortgage was sold. A further consequence of his de-
fault was that a holder of $10,000 of the bonds brought suit
thereon and obtained a judgment against the company on which
it was compelled to pay $2,299.68. This action was then
brought to recover the money so paid, together with the rea-
sonable expenses incurred in defending the suit upon the mort-
gage and the suit upon the bonds. In the statement of claim,
the contract, the breaches of it and the loss resulting therefrom,
were clearly and concisely set forth. An affidavit of defence
was filed which was adjudged insufficient, and judgment was
entered for the amount of the claim.

The contention of the appellant is twofold. It is (1) that
the contract is executory and therefore, in an action for a breach
of it, an affidavit of defence is not required, and (2) if an affi-
davit is deemed necessary he filed a sufficient one. The first
contention is not sound. Prior to the act of 1887 in relation
to procedure it was held that executory agreements were within
the affidavit of defence law : Vulcanite Paving Co. v. City of
Philadelphia, 115 Pa. 288, and cases cited therein. In Barr v.
McGary et al., 131 Pa. 401, our brother WILLIAMS, speaking
for this court, said : " The act of 1887 was intended to shorten
the road to judgment or issue by requiring the plaintiff, in all
forms of action ex contractu, to state his cause of action, and
the amounts which he believes to be due him, in a clear and
concise form, and permitting him to move for judgment, unless
the defendant shall, with like clearness and definiteness, state
the nature and character of his defence under oath."

The Market Company, in the case at bar, complied with the
act of 1887 by filing a clear, precise and specific statement of
its claim. It was therefore entitled to judgment for the amount
of the claim unless the defendant filed a definite answer to it.
Did he file such an answer ? We think not. In his affidavit

of defence there was no denial of any material averment of fact made by the company. As he did not deny, he must be considered as admitting, that the contract, the breaches of it and the consequences of his default were correctly set forth in the statement. On the same principle he must be considered as admitting that the company notified him of the suits brought against it and requested him to defend them, and further, that the expenses it incurred in defending them, on his failure to intervene, were reasonable. These admissions appear to cover the entire ground on which the company based its claim, and to justify the judgment entered in the court below.

We are unable to discover any defence to this action, arising from or founded upon the agreement of December 15, 1891. By that agreement George W. Hancock on behalf of certain bondholders undertook to deliver the bonds mentioned therein to the defendant and J. M. Pullinger on their paying to him "75 per cent of the par value and interest thereon, on or before the 2nd day of January, 1892." It is not pretended that the defendant or his associate ever paid or tendered to Hancock or any bondholder represented by him 75 per cent of the par value of one of the twenty-five bonds which the defendant claims were included in the agreement.

The allegation that the owners of the bonds and the owners of the stock of the Market Company "are practically the same" and that the judgments against the company were obtained through collusion between them, is too indefinite and vague to require special consideration. It is clearly not a sufficient answer to the company's claim.

The specifications of error are overruled and the judgment is affirmed.