## Phila. & Reading R. R. *v.* William H. Snowdon, Appellant.

*Foreign attachment—Affidavit of defence.*

Where a general appearance has been entered by the defendant in an action of assumpsit begun by foreign attachment, judgment may be taken against him for want of an affidavit of defence.

Where in such a case, the defendant is sued as a surety, and the statement sets forth the cause of action, and has attached thereto a copy of the agreement sued on, and a copy of the book entries of the plaintiff showing the indebtedness of the principal, the defendant must file a sufficient affidavit of defence to prevent judgment.

Argued Jan. 11, 1895. Appeal, No. 53, July T., 1894, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1893, No. 10, making absolute a rule for judgment for want of a sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule for judgment for want of sufficient affidavit of defence in foreign attachment in assumpsit against a surety on an account rendered.

From the record it appeared that defendant filed a general appearance.

Plaintiffs in their statement averred:

" That plaintiff claims to recover from defendant the sum of $590.91, with interest from May 3, 1892. The particulars of said claims are as follows:

" That on Feb. 29, 1888, John F. Rau, trading as Snowdon &

Rau, was engaged in the coal business, in the city of Philadelphia, and upon that day executed and delivered to the plaintiff a certain agreement, under the hand and seal of the firm of Snowdon & Rau, by the terms of which the said firm of Snowdon & Rau agreed to and with the plaintiff that they would from time to time and at all times thereafter well and truly and punctually pay to the plaintiff, all moneys then due or thereafter to become due, by them to the plaintiff for freight and tolls.

" And the said defendant, upon said Feb. 29, 1888, executed and delivered to the said plaintiff an agreement under his hand and seal, whereby he covenanted and agreed with the plaintiff that the above recited agreement should be faithfully and punctually kept, and complied with on the part of Snowdon & Rau, and that if the said Snowdon & Rau should not punctually pay the moneys agreed to be paid, as thereby provided, then that he would forthwith, after such default, and without any demand, well and truly pay the same, and all interest which might have accrued by reason of such default.   Copies of the said agreements are hereto attached and made a part of this statement, marked ' A.'

" The said John F. Rau continued in the coal business in the city of Philadelphia under the firm of Snowdon & Rau, and received from time to time from the plaintiff various consignments of coal, upon which freight and tolls were due ; and upon May 17, 1892, there was due and owing by him to the plaintiff for freight and tolls carried over its railroad, and delivered to the said firm of Snowdon & Rau, the sum of five hundred and ninety dollars and ninety-one cents.   The plaintiff thereupon called upon the said John F. Rau to pay the said sum, but he refused and still does refuse to pay the same or any portion thereof.

" The said plaintiff, immediately upon the said default, notified the defendant thereof, and the defendant agreed to pay the said sum to the plaintiff, as he had promised to do, in and by the said agreement, but, though repeated demands have since been made to pay the same, he has neglected and refused, and still doth neglect and refuse to pay the same or any part thereof, and the whole amount thereof is still due and owing by the defendant to the plaintiff.   The itemized statement of account

annexed hereto and made a part thereof, marked ' B;' being a copy of plaintiff's book of original entries, shows the dates upon which the coal was delivered, the amount thereof, and the amount of freight due, with payments made at various. times on account thereof." With affidavit of plaintiff's secretary.

Defendant filed the following affidavit of defence:

" 1. Deponent is advised and believes and so avers that the cause of action and the proceedings based thereon are not such as to entitle plaintiff to judgment for want of an affidavit or sufficient affidavit of defence.

" 2. Deponent is further advised and believes and so avers that plaintiff's statement of claim is entirely insufficient in that it does not contain any of the ingredients of a complete cause of action in assumpsit, and in that it does not set forth and aver in concise, clear and unequivocal language, the liability and indebtedness of defendant; neither is it accompanied by copies of instruments of writing or book-entries or either, showing any liability or indebtedness whatever of defendant to plaintiff.

" 3. Deponent further deposes and says that he did not, on Feb. 29, 1888, execute and deliver to plaintiff an agreement under his hand and seal, wherein he covenanted and agreed with the plaintiff that the agreement recited in the plaintiff's statement of claim should be faithfully and punctually kept and complied with on the part of Snowdon & Rau, neither did Snowdon & Rau, to his knowledge, execute such an agreement; and that copies of said agreement are not attached to plaintiff's statement of claim.

" 4. Plaintiff's statement of claim filed does not aver, and is not affirmed or sworn to by any one, that the sum claimed by plaintiff is justly. due and owing by defendant to plaintiff, nor is there any affirmation that the sum claimed is justly due and owing by Snowdon & Rau, or John F. Rau, trading as Snowdon & Rau, or that the sum claimed is justly due and collectible by plaintiff from Snowdon & Rau or from defendant.

" 5. Deponent further deposes and says that he is not, and was not a member of the firm of Snowdon & Rau, from and after July, 1883. That the firm was. then dissolved, of which legal notice was given, and from that time ceased to exist. That deponent, of his own knowledge and from information

received from John F. Rau and other coal dealers, believes and says that it has been the established custom of plaintiff to collect its toll and freight bills weekly, and from and after the expiration of two weeks to retain, keep possession of, lien and even sell coal for freight due and collectible, wherefore deponent says, if this custom and usage had been enforced and carried out by plaintiff against Snowdon & Rau, only one week's freight and tolls would have been due and collectible from John F. Rau, trading as Snowdon & Rau.

" 6. That deponent is informed by John F. Rau, believes and expects to be able to prove that, upon an equitable, correct and just settlement of the debts and credits subsisting between plaintiff and Snowdon & Rau, there is not more than one week's freight and tolls justly due and owing and collectible from Snowdon & Rau, amounting to about $150.00, and John F. Rau trading as Snowdon & Rau informs deponent that he claims credit for transfers for which he is legally entitled to the amount of $136.00, which sum deponent claims to set off to the above sum of $150.00.

" 7. Deponent is informed by John F. Rau, and believes that plaintiff has not, by any proceeding whatever, fixed the amount of liability or indebtedness of John F. Rau, trading as Snowdon & Rau, for freight and tolls, and has not at any time, retaken, kept possession of, or liened any coal of, or carried for Snowdon & Rau to secure the payment of all and every sum due and unpaid, collectible or to be collected by plaintiff for freight and tolls, from Snowdon & Rau, but in violation of its custom and established usage, and the provisions of its covenants and agreements entered into with Snowdon & Rau.

" 8. Deponent further deposes and says that he believes and expects to be able to prove, that there is not justly due and owing by him to plaintiff, any sum of money whatever for freight and tolls, and denies that there is any liability, on his part, under plaintiff's statement of claim."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence. Defendant appealed.

*Error assigned* was above order, quoting it.

*James Rich Grier,* for appellant, cited : Dwarris on Stat. 72 ;

Whitney v. Ins. Co., 70 Pa. 252; Bryan v. Trout's Admr., 90 Pa. 492; Strock v. Little, 45 Pa. 416; Gottman v. Shoemaker, 86 Pa. 31; Hutchinson v. Woodwell, 107 Pa. 518; Bartoe v. Guckert, 158 Pa. 124; Fisher v. Consequa, 2 W. C. C. R. 362; Ins. Co. v. Field, 45 Pa. 132; Selheimer v. Elder, 98 Pa. 158; Borlin v. Com., 99 Pa. 42; Boas v. Nagle, 3 S. & R. 253; Weaver v. Shryock, 6 S. & R. 262; Bowman v. Kistler, 33 Pa. 110; Everly v. Rice, 20 Pa. 297; Clippenger v. Creps, 2 Watts, 48; Boschert v. Brown, 72 Pa. 372; Clow v. Derby Coal Co., 98 Pa. 432; Potts v. Aechternacht, 93 Pa. 138; Miller v. Stewart, 9 Wheat. 680; Gould v. Gage, 118 Pa. 559; Fritz v. Hathaway, 135 Pa. 277; Newbold v. Pennock, 154 Pa. 591; Leibersperger v. Bank, 30 Pa. 53; Thompson v. Clark, 56 Pa. 33; Wing v. Bradner, 162 Pa. 72; Langfeld v. Lion, 132 Pa. 441; Hiestand v. Williamson, 128 Pa. 122.

*John G. Lamb* and *Thomas Hart, Jr.*, for appellee, not heard, cited: Strock v. Little, 45 Pa. 416; act of May 25, 1887, P. L. 27; Barr v. McGarry, 131 Pa. 401; Richardson v. Snyder, 6 W. N. 414; Dilley v. Rowe, 23 W. N. 491; Martin v. Berens, 67 Pa. 459; Keener v. Bank, 2 Pa. 237; Lane's Ap., 112 Pa. 499; Johnston v. Patterson, 114 Pa. 398; McCracken v. Church, 111 Pa. 106.

PER CURIAM, Jan. 21, 1895:

We are satisfied from an examination of this record that the court was right in adjudging the affidavit of defence insufficient to carry the case to the jury, and hence there was no error in entering judgment for the plaintiff. There is no merit in either of the specifications of error.

Judgment affirmed.