# The Township of Hazle, Appellant, *v.* A. Markle, William Carter and Samuel Paisley.

*Public officers—Supervisors—Bond—Principal and surety—Affidavit of defense.*

In an action of assumpsit upon the bond of a public officer an affidavit of defense must be filed.

In an action by a township upon the bond of a supervisor the plaintiff's statement averred that the amount claimed in the suit had been found due by the supervisor to the township on an appeal from the report of the township auditors, and that the said sum had not been paid.   The surety on the bond filed an affidavit of defense in which he averred that no condition of the bond had been broken; that none of the funds of the township had come into the hands of the supervisor, except such as had been paid for services; that all the moneys of the township were derived from taxes which were collected by the tax collector and paid over to the township treasurer, and that none was paid to the supervisor by the collector; that all other goods and chattels of the township had been duly accounted for by the supervisor; that the surety had been no party to the appeal proceedings; that no part of the balance found against the supervisor resulted from any breach of the bond; that a part of the money settled against the supervisor consisted of moneys paid to him for services, and compensation for the services of his teams and his minor children; that the remaining portion of the amount due appeared to be based upon a finding that certain contracts were improvident, but that no fraud was averred in any part of said finding.   *Held,* that the affidavit was sufficient to prevent judgment.

Argued April 15, 1896.   Appeal, No. 300, Jan. T., 1896, by plaintiff, from order of C. P. Luzerne Co., March T., 1895, No. 111, discharging rule for judgment for want of a sufficient affidavit of defense.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.   Appeal dismissed.

Assumpsit on the bond of a supervisor.

The plaintiff's statement averred that the sum claimed in

the suit, $3,802.85, had been found due by William Carter as supervisor to plaintiff on an appeal from the report of the township auditors.

A. Markle, who was one of the sureties of William Carter, filed an affidavit of defense which was as follows:

1st. That no condition of the bond, which is the subject-matter of this suit, and in which William Carter was principal and this affiant a surety, has been broken whereby any recovery can be had upon it. That none of the funds of the township came into the hands of the said William Carter as supervisor, except such· moneys as were paid him by the treasurer of said township as compensation for services as such supervisor. That there was no money to be accounted for to the township auditors, and no balance of moneys to be paid over to the successor of said supervisor. That all the moneys of the township during the term of office of said supervisor were derived from taxes, which were collected by the tax collector, and paid over to the township treasurer, and that none were paid to the supervisor by the collector. That all other goods and chattels the property of the said plaintiff, which came into the supervisor's hands, were duly accounted for and duly turned over to his successor in office.

2d. That as to the appeal of Coxe and others, set forth in plaintiff's statement, the affiant says that, so far as he is concerned, he was neither a party nor was privy to the proceedings in said appeal, nor took part in any of said proceedings, nor was party to any reference of the same to a referee instead of resorting to a trial by jury, and he avers that neither himself nor his principal, the said William Carter, are bound or concluded by the judgment in said appeal in a suit upon the bond of the supervisor, for the reason that no part of balance found against the said supervisor resulted from any breach of the bond in suit. That a reference to said appeal and the proceedings had thereon will show that a large part of the sum of three thousand eight hundred and two and eighty-five one hundredths dollars ($3,802.85) settled against the said William Carter, consisted of moneys paid him by the treasurer of said township, William Wolf, as salary or compensation for himself as supervisor, and as compensation for the services of his teams and of his minor

children, nor is there upon the record of said appeal any pretense that the said township did not get full value for the payment in services rendered. And the affiant avers that the plaintiff received full value. That the remainder of said judgment appears to be founded upon a finding that certain contracts were improvident, and the affiant says that neither fraud nor covin is alleged in any part of said finding, and the affiant thereupon declares that the action of said supervisor in the transaction of the township affairs, and in the performance of his official duties, was not unfaithful, but that under all the circumstances he faithfully performed his duty as supervisor, with reasonable discretion under the law.

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was discharging rule for judgment.

*Henry A. Fuller, Frank Needham* and *Andrew H. McClintock* with him, for appellant.—An affidavit was required: Byrne v. Hayden, 124 Pa. 170; Jones v. Gordon, 124 Pa. 263; Barr v. McGary, 131 Pa. 401; Hebb v. Ins. Co., 138 Pa. 174; Mantua Hall v. Brooks, 163 Pa. 40.

The affidavit is insufficient.

Failure to pay the balance is a breach.

The settlement is conclusive. Its correctness in law, fact or conduct cannot now be inquired into. It has become a judgment of the court, open to no defense except payment, fraud or want of jurisdiction; none of which is averred: Porter v. School Directors, 18 Pa. 144; Blackmore v. Allegheny, 51 Pa. 160; Shartzer v. School District, 90 Pa. 192; Short v. Gilson, 107 Pa. 315.

*Geo. H. Troutman, C. W. Kline* and *Abner Smith* with him, for appellees.—No affidavit is required: Barr v. McGary, 131 Pa. 401; Borlin v. Com., 99 Pa. 46; Strock v. Com., 90 Pa. 272, Com. v. Hoffman, 74 Pa. 105; Sands v. Fritz, 84 Pa. 15; Malone v. City, 7 Pa. C. C. 613; Seymour v. Hurbert, 83 Pa. 346.

The affidavit is sufficient: Com v. Hoffman, 74 Pa. 105; Wilkes-Barre v. Rockafellow, 171 Pa. 177; People v. Pennick,

60 N. Y. 421; Baylies on Sureties and Guarantors, 159; Act of April 15, 1834, P. L. 537; Mohney v. School District, 2 Mon. 345.

In an appeal from the refusal of the court below to enter judgment for want of a sufficient affidavit of defense, this court will not reverse except in a very clear case of error in law: Griffith v. Sitgreaves, 81 Pa. 378; Radcliffe v. Herbst, 135 Pa. 568; Murphey v. Cappeau, 147 Pa. 45; Ensign v. Kindred, 163 Pa. 638.

PER CURIAM, May 11, 1896:

We are not convinced that the learned court erred in discharging the plaintiff's rule for judgment for want of a sufficient affidavit of defense. There is no merit in the suggestion of counsel that the action of the court may be sustained on the ground that, under our procedure act of May 25, 1887, no affidavit of defense is required, because the suit is on the official bond of the principal defendant. The only ground on which the refusal to enter judgment etc. can be sustained is that the affidavit of defense is sufficiently responsive to the averments contained in plaintiff's statement of claim to carry the case to a jury; but it is not our purpose to discuss the questions that appear to be involved. Inasmuch as the case goes back for trial, it is neither necessary nor proper for us to express any opinion as to the questions that may then arise.

The appeal is dismissed at plaintiff's costs, but without prejudice, etc.