EDWARD F. GERBER CO. v. TITLE GUARANTY & SURETY CO.

(District Court, M. D. Pennsylvania. October 1, 1914.)

No. 610.

1. INSURANCE (§ 640*)—ACTION ON FIDELITY BOND—AFFIDAVIT OF DEFENSE—NECESSITY.

Practice Act Pa. May 25, 1887, § 1 (P. L. 271), provides that all demands previously recoverable in debt, assumpsit, or covenant shall be sued for and recovered in an action of assumpsit, and that it shall be the duty of the defendant in assumpsit to file an affidavit of defense. *Held* that, where plaintiff brought suit on a fidelity bond for misappropriations by one of its employés, the bond containing a definite promise to pay plaintiff a sum of money to be measured by the amount of loss sustained through the conduct of the employé up to the maximum provided in the bond, which amount was set forth in plaintiff's statement and was easy of liquidation, the action was not in tort to recover a penalty, but was within the statute, and defendant was bound to file a proper affidavit of defense.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1609–1612, 1614–1624; Dec. Dig. § 640.*]

2. JUDGMENT (§ 143*)—ENTRY—AFFIDAVIT OF DEFENSE—FAILURE TO FILE—VACATION.

Plaintiff having sued defendant surety company on a fidelity bond for an employé's defalcation, defendant, erroneously believing that the action was not one in which an affidavit of defense should be filed, replied in proper time, filing an affidavit that the cause of action was founded on alleged malfeasance or misfeasance of the employé amounting to a misdemeanor, and that defendant was not required by law to file an affidavit of defense to the action, with submission to the court, reserving the right to file an affidavit of defense if the court should decide that the action was one in which such an affidavit was required. *Held*, that such affidavit was sufficient to preserve defendant's right to a determination of such question, and, the clerk having entered judgment at plaintiff's instance for want of an affidavit of defense, the court, on holding that an affidavit was required, would set aside the judgment and permit defendant to file a proper affidavit to the merits.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law.   Action by the Edward F. Gerber Company against the Title Guaranty & Surety Company.   On rule to show cause why a judgment in favor of plaintiff, entered for want of an affidavit of defense, should not be stricken off.   Rule absolute.   Judgment set aside, and permission accorded defendant to answer.

Geo. E. Reynolds, of Pittsburgh, Pa., for plaintiff.
Warren, Knapp, O'Malley & Hill, of Scranton, Pa., for defendant.

WITMER, District Judge.   Suit is brought in assumpsit to recover several sums of money, aggregating $4,998.81, with interest, alleged to be due upon a bond given by the defendant, Title Guaranty & Surety Company, to the plaintiff, guaranteeing and insuring the plaintiff against loss as the result of dishonesty of certain of its employés, among whom was one A. F. Jenkins.   A copy of the bond is attached to the plaintiff's statement, wherein it is provided:

"That for the consideration of the premises the company shall, during the term above mentioned, or any subsequent renewal of such term,  *  *  * make good and reimburse to the said employer such pecuniary loss as may be sustained by the employer by reason of the fraud or dishonesty of any or either of the employés named upon said schedule, or added thereto as hereinafter provided, in connection with his duties as specified on said schedule amounting to embezzlement or larceny and which shall be committed during the continuance of said term.  *  *  * "

The plaintiff's statement alleges that the said Jenkins has defrauded the plaintiff of the several itemized sums claimed, by embezzling at specified times the money which he had received from the sale of certain automobiles, or from the improper sales of such.

After service of the writ and copy of plaintiff's statement, the defendant, within the time for filing an affidavit of defense, replied by filing an affidavit setting forth that the cause of action was founded upon an alleged malfeasance or misfeasance of the said A. F. Jenkins amounting to a misdemeanor, and that the defendant ought not to be, and is not, required by law to file any affidavit of defense to the action, with submission to the court, reserving the right later to file an affidavit of defense in case the court should decide that the cause of action is one in which an affidavit is required.

[1] On June 3, 1914, upon plaintiff's præcipe to enter judgment in favor of the plaintiff and against the defendant for want of an affidavit of defense, the clerk entered judgment as requested for the sum of $5,078.79, with interest from June 1, 1914.   The matter is here on petition of defendant requesting the court to strike off this judgment as improperly entered, before hearing defendant upon the necessity of filing an affidavit of defense, and without the opportunity of filing one, if required to do so.   The important question presented is the necessity of an affidavit of defense; and this must be met and determined in the light of the Pennsylvania Practice Act of 1887 (P. L. 271), regulating the procedure in actions of assumpsit.   Section 1 says:

"So far as relates to procedure, the distinctions heretofore existing between actions ex contractu be abolished, and that all demands heretofore recoverable in debt, assumpsit or covenant shall hereafter be sued for and recovered in one form of action, to be called an action of assumpsit."

Section 4 provides that:

"It shall be the duty of the defendant in the action of assumpsit to file an affidavit of defense."

And section 5 provides that:

"In the action of assumpsit, judgment may be moved for for want of an affidavit of defense, or, for want of a sufficient affidavit, for the whole or part of the plaintiff's claim, as the case may be, in accordance with the present practice in actions of debt and assumpsit."

But it is contended that, while the action is in form assumpsit, it is in reality not ex contractu, because it is said to be based on a penal bond for the misfeasance, fraud, and dishonesty of the agent of the plaintiff, and in its very nature ex delicto, and that therefore no affidavit is required.

That the proper remedy has been invoked by action of assumpsit to effect recovery is not doubted, and an affidavit is therefore required, unless the case is brought within the suggested exception to the general law, as, for instance, in cases where it is necessary to determine the amount due by evidence aliunde the contract, or where the liability depends upon a collateral condition, or where the proof sounds in tort or crime, rather than in contract, as appears in cases cited by defendant's counsel: Calhoun v. Monongahela B. & L. Ass'n, 104 Pa. 392; Corry v. Pa. R. R. Co., 194 Pa. 516, 45 Atl. 341; Commonwealth v. Milnor, 23 Pa. Super. Ct. 1; Commonwealth ex rel. v. Harvey et al., 11 Luz. Leg. Reg. 139; Marcus et al. v. Mostovitz, 12 Lack. Jur. (Pa.) 195; Bartoe v. Guckert et al., 158 Pa. 124, 27 Atl. 845; Osborn v. First National Bank of Athens, 154 Pa. 134, 26 Atl. 289; Commercial National Bank v. Kirk, 222 Pa. 567, 71 Atl. 1085, 128 Am. St. Rep. 823; Union Glass Co., Ltd., v. First National Bank of New Castle, 10 Pa. Co. Ct. R. 565; Naylor & Co. v. Lehigh Valley R. R. Co. (C. C.) 188 Fed. 860.

In the case of Kinney v. Mitchell, 136 Fed. 773, 69 C. C. A. 493, the Court of Appeals of this circuit have clearly enunciated the principle that judgment may be taken for want of an affidavit of defense only in those cases which are founded on contract alone, and not in such where the cause of action is ex delicto, or of a mixed character of contract and tort, and that the mere form of the action has nothing to do with determining the question as to whether an affidavit of defense is required.

The controlling feature of the case presented, it will be noticed, resolves itself down to a question as to whether recovery is dependent solely upon the contract in suit. That no recovery can be maintained without it will be conceded, and upon it alone, it is equally certain, rests the plaintiff's cause of action. It is not misappropriation or embezzlement of moneys by the defendant that gives rise to the suit, nor is it even hinted that the defendant has been guilty of wrongdoing, but because of the defendant's contract with plaintiff to make good and reimburse the latter for all such moneys as may be wrongfully retained by plaintiff's employé. We have here a definite promise to pay a sum of money to the employer, to be measured only by the amount of loss sus-

tained through the conduct of the employé, up to the maximum provided in the bond, and this amount is specifically set forth in the plaintiff's statement and is as easy of liquidation as in an action for moneys had and received. And so it was held:

"That where a surety is sued, and the statement sets forth the cause of action, and has attached thereto a copy of the agreement sued on and a copy of the book entries of the plaintiff, showing the indebtedness of the principal, the defendant must file a sufficient affidavit of defense to prevent judgment." Railroad Co. v. Snowden, 166 Pa. 236, 30 Atl. 1129; Byrne v. Hayden, 124 Pa. 170, 16 Atl. 750; Barr v. McGary, 131 Pa. 401, 19 Atl. 45; Hebb v. Insurance Co., 138 Pa. 174, 20 Atl. 837; Heller v. Insurance Co., 151 Pa. 101, 25 Atl. 83.

In the case of Rathfon v. City Trust Co., 24 Lanc. Law Rev. (Pa.) 113, where the principal on the bond was the president of a trust company, in a suit upon the bond, very similar to the one in suit here, on motion for judgment for want of a sufficient affidavit of defense, it was held that an affidavit of defense was required, and what was there said by the court is adopted as the law governing in the present case:

"The action is on a bond under seal, upon which defendant is a surety. The form of action for the breach of said bond, under the common law before the act of 1887, would have been covenant, and is therefore within the class of actions to be called actions of assumpsit, in which an affidavit of defense must be filed to prevent judgment. That the act of the principal in the bond, in not faithfully performing the duties of his office, amounts to a tort, does not take the case out of the provisions of the act of assembly. In Commonwealth v. Hershey et al., 20 Lanc. Law Rev. 209, and Township of Hazel v. Markle, 175 Pa. 405, 34 Atl. 734, where the same conditions existed as here, it was held that the defendants would have to file sufficient affidavits of defense to prevent judgment under the act of 1887. See, also, Barr v. McGary, 131 Pa. 401, 19 Atl. 45; Mantua Hall v. Brooks, 163 Pa. 40, 29 Atl. 744. The cases relied on by defendant do not support him in his contention. In Corry v. P. R. R., 194 Pa. 516, 45 Atl. 341, the action would have been an action on the case under the common law, and was therefore not such as is embraced in an action of assumpsit under the law of 1887. In Osborn v. First National Bank of Athens, 154 Pa. 134, 26 Atl. 289, the action was against the bank to recover a penalty under the act of Congress for taking usurious interest. It was held, even though the form of action was debt, that it was action ex delicto, and not an action ex contractu, as it was for a penalty provided in an act of Congress; that the act of 1887 only included actions of debt under the common law, that is, actions ex contractu, in the action of assumpsit; and that where the action was ex delicto, even though one under the name of debt, an affidavit of defense was not necessary. The action here, however, is clearly an action ex contractu, as it is upon the defendant's undertaking to pay to the trust company a certain amount of money upon the failure of the principal in the bond to do or not to do certain things."

Having reached the conclusion that the case is one requiring an affidavit of defense, it must be determined whether such may yet be filed.

[2] Judgment was entered by the clerk notwithstanding the defendant's affidavit of the belief that no affidavit of defense was required, submitting the matter to the court for determination, and reserving the right to file an affidavit of defense in case the court should decide that the cause of action is one in which an affidavit of defense is required. The question submitted is one of law in the nature of a demurrer requiring judicial decision, and while not in the usual form of an affidavit of defense going to the merits of the case, it was sufficient for the time being to prevent the entry of judgment until the same was

put aside, on motion, by the court. It is not contended that the clerk attempted to pass upon this question. All he did was to enter judgment peremptorily as demanded, and, had he attempted to do so, he would have been without authority.

The matters here presented are peculiar to our Pennsylvania practice, and governed by the local law as interpreted by the highest judicial tribunal, and to it we turn and find authority for the practice adopted by counsel for defendant. In Clarion, etc., Co. v. Hamilton, 127 Pa. 1, at page 3, 17 Atl. 752, at page 753, the court said:

"The judgment in this case is not a void judgment. The court below had jurisdiction of the person and the subject-matter. It was entered for want of an affidavit of defense, and we must assume that the court below regarded the case as coming within the rule of court. The defendant thought it did not, and filed no affidavit. This is neither a good nor a safe practice. If a defendant thinks the statement or copy filed does not come within the rule requiring him to file an affidavit, it is the better practice to suggest such fact upon the record. He can then have a decision of the court upon the point. When he decides this question of law for himself, he takes the risk of it being incorrect."

In the affidavit filed the defendant reserved the right later to file an affidavit of defense, if the court should decide that the cause of action was one requiring it, which is paramount to stating that a good defense exists. Counsel have also stated in their brief submitted that they have a defense upon the merits. This is a substantial compliance with the practice pursued in the state courts. Then, again, there is no apparent good reason why this judgment should be allowed to stand and the defendant deprived of a defense. If the plaintiff has a just cause of action, he will not be prejudiced; whereas great wrong might result to defendant, were it denied the privilege of interposing its defense.

The judgment is set aside, and the defendant permitted to file an affidavit of defense within 20 days.