## McBride v. Bartol et al.

*Foreign attachment—Statement of claim—Affidavit of defence—Striking off judgment—Practice, C. P.*

1. In foreign attachment proceedings, judgment cannot be entered for want of an affidavit of defence if no declaration or statement of claim has been filed.

2. The affidavit of cause of action is merely a part of the proceeding to bring the defendant into court, and is not a substitute for the statement of claim, which is an essential part of the proceedings in the action of *assumpsit* to determine whether or not the plaintiff is entitled to judgment.

Petition to strike off judgment. C. P. Mercer Co., Oct. T., 1922, No. 1.

C. E. Brockwell, for plaintiff; Davis, Fruit & Anderson, for defendant.

McLaughry, P. J., Feb. 29, 1924.—On June 15, 1922, the plaintiff filed a præcipe directing that a writ of foreign attachment issue against the defend-

McBride *v.* Bartol et al.

ant, attaching his property in the possession of the garnishee. On the same day the plaintiff also filed an affidavit of cause of action.

The proceedings of foreign attachment proceed in regular course until Jan. 12, 1923, when an appearance was entered in behalf of the defendant by Davis, Fruit & Anderson, his attorneys.

On June 18, 1923, the plaintiff presented a motion for judgment against the defendant for the reason that no affidavit of defence had been filed by the defendant after the entry of appearance, whereupon the court made an order directing judgment to be entered by the prothonotary for the amount claimed for want of an affidavit of defence.

The defendant soon thereafter presented a petition to strike off the judgment. The reason alleged in the petition for striking off the judgment is as follows:

"All of the original papers and docket entries fail to show that the plaintiff filed a declaration or a statement of claim either before or after the defendant entered an appearance.

"The defendant, therefore, represents that the judgment is void and invalid, because it was incumbent upon the plaintiff to file a declaration or statement of claim before judgment could be awarded for failure on the part of the defendant to file an affidavit of defence."

It is admitted that no affidavit of defence had been filed, and it must be conceded that, inasmuch as no affidavit of defence had been filed, the plaintiff was entitled to judgment, provided the plaintiff had fully complied with the requirements of the law in the prosecution of his suit.

"Where a general appearance has been entered by the defendant in an action of *assumpsit* and begun by foreign attachment, judgment may be taken against him for want of an affidavit of defence:" Railroad Co. *v.* Snowdon, 166 Pa. 236.

The defendant, however, alleges that, even though no affidavit of defence had been filed by the defendant, the plaintiff wrongfully took judgment, for the reason that the plaintiff had not previously filed a declaration or statement of claim, which it was incumbent upon him to do. This, the plaintiff alleges, was done, and the requirements of the law fully complied with in the filing of the affidavit when the præcipe was issued on June 15, 1922.

The whole question, then, is as to whether or not the said affidavit is such a declaration as to fulfill the requirements of the law.

Foreign attachment, as defined by our Supreme Court, "is a proceeding *in rem*, by attachment of a non-resident's goods, with the primary object of compelling an appearance to answer the plaintiff's suit."

As is apparent from the definition, the foreign attachment is one thing and the plaintiff's suit is another. The primary object of the foreign attachment is to obtain an appearance to answer the plaintiff's suit. In Pennsylvania, foreign attachments are regulated by statute. It is regarded as a severe remedy, allowed by our laws for the purpose of enforcing the appearance of a non-resident, by seizing his property before the creditor has legally established his claim.

It seems that it is not absolutely indispensable that the affidavit of cause of action should be filed when the writ is issued. It must be produced, however, when there is a rule to show cause of action. Our courts have consistently held that an affidavit of cause of action must aver such facts as will show the court's jurisdiction at the time of issuing the writ. The purpose of the affidavit is to sustain the writ of attachment, and unless it does in all respects, the writ is quashed. Whether the affidavit is filed as a prerequisite

McBride v. Bartol et al.

to the issuance of the writ or filed in response to a rule, it is considered upon a motion to quash, and if defective and not sufficient in law to sustain the writ, the motion is sustained and the writ quashed.

When the defendant appears generally, he waives his privilege of moving to show cause of action, and after such appearance, it can make no difference whether the affidavit be defective or whether there be no affidavit at all. The object of a writ of foreign attachment is to compel an appearance, and when this is secured, the suit then proceeds as if commenced by a summons.

Foreign attachment is but a process by which to commence a personal action. It seizes property to compel an appearance. The affidavit is a part of the process of foreign attachment. The declaration or statement of claim and the affidavit of defence constitute part of the proceedings in the action of *assumpsit* to determine whether or not the plaintiff in his suit is entitled to a judgment. There are two processes. One is the foreign attachment, and the other is the action in *assumpsit*. In the first, the affidavit of cause of action may be required. In the second, the declaration or statement of claim is necessary. The one must contain all the elements as designated in the laws pertaining to foreign attachments. The other must contain all the elements designated in the laws pertaining to actions of *assumpsit*. They are two distinct papers filed for two distinct purposes.

In the case of Rowland v. Red Cross Packing Co., 15 W. N. C. 468, the court said: "The plaintiff in a foreign attachment must furnish an affidavit of his cause of action, if required. The fact that he has already filed his *narr* and bill of particulars makes no difference. The defendant, whose property and rights of action form the subject of the attachment, is certainly entitled to a sworn statement of the cause of action in order that the court may determine whether there is ground for sustaining the attachment."

Before a judgment can be rendered for want of an affidavit of defence, a declaration or statement of claim must be filed. It is apparent from the record that none was filed by the plaintiff. The plaintiff, therefore, was not entitled to a judgment for want of an affidavit of defence.

Feb. 29, 1924, the motion that the judgment be stricken off is granted and the rule made absolute. From W. G. Barker, Mercer, Pa.